UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RYAN SHREEVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:17-cv-1786 |
| | ) | |
| CORRECT CARE SOLUTIONS, LLC, | ) | |
| ADVANCED CORRECTIONAL | ) | |
| HEALTHCARE, INC., DELAWARE | ) | |
| COUNTY INDIANA BOARD OF | ) | |
| COMMISSIONERS, SHERIFF RAY | ) | |
| DUDLEY, LT. RICK RICHMAN, THE | ) | |
| DELAWARE COUNTY SHERIFF'S | ) | |
| DEPARTMENT, TERRI HAMILTON, | ) | |
| KELLY BORAM, LT. VIVIAN | ) | |
| MALONE, BRIDGETTE MARTIN, | ) | |
| GERALD SHANER, DARRELL | ) | |
| MUGRAGE, ROBERT DOUGHTY, | ) | |
| TRACI GROSS, FRANK | ) | |
| GOODPASTER, ASHLEY HUSS, AND | ) | |
| LT. KATHY BLANTON, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

The Plaintiff, Ryan Shreeve, moves the Court for entry of judgment in his favor

and against Defendants, Correct Care Solutions, LLC; Advanced Correctional

Healthcare, Inc.; the Delaware County Indiana Board of Commissioners; the Delaware

County Sheriff's Department; Sheriff Ray Dudley, as Delaware County Sheriff, in his

official capacity; Lt. Rick Richman, in his individual and official capacities; Lt. Kathy

Blanton, in her individual and official capacities; Lt. Vivian Malone, in her individual

and official capacities; Corrections Officer Bridgette Martin, in her individual and

official capacities; Corporal Gerald Shaner, in his individual and official capacities;

Corrections Officer Darrell Mugrage, in his individual and official capacities;

Corrections Officer Robert Doughty, in his individual and official capacities;

Corrections Officer Traci Gross, in her individual and official capacities; Corrections

Officer Frank Goodpaster, in his individual and official capacities; Corrections Officer

Ashley Huss, in her individual and official capacities; Terri Hamilton, in her individual

and official capacities; and Kelly Boram, in her individual and official capacities, and in

support of his Complaint, states as follows:

## INTRODUCTION

1.      This is a civil action under 42 U.S.C § 1983 seeking damages against

Defendants for committing acts, under color of law, with the intent and purpose of

depriving Plaintiff of rights secured under the Constitution and laws of the United

States; subjecting Plaintiff to cruel and unusual punishment in violation of the Eighth

Amendment to the Constitution of the United States; the Fourteenth Amendment to the

Constitution of the United States; and the Fourth Amendment to the Constitution of the

United States; and for depriving Plaintiff of his right to due process secured by the

Fourteenth Amendment to the Constitution of the United States.

## JURISDICTION AND VENUE

2.      This case arises under the United States Constitution in 42 U.S.C. §§ 1983

and 1988 as amended.  This Court has jurisdiction in this matter pursuant to 28 U.S.C.

§§ 1331 and 1343.

3.      Plaintiff brings this action resulting from damages incurred due to Defendants' deliberate indifference to substantial risk of serious harm to Plaintiff while he was held at the Delaware County Jail.  Plaintiff was required to use a non-sterile insulin needle and syringe to draw from a common insulin vial used by multiple diabetic inmates and detainees, in violation of his federal constitutional rights to due process and freedom from cruel and unusual punishment.

4.      This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. § 1391(b).  The actions complained of took place in this judicial district; evidence and medical records relevant to the allegations are maintained in this judicial district; Plaintiff and Defendants, Delaware County, Indiana and Delaware County Sheriff's Department reside in this judicial district; and Defendant, Correct Care Solutions, LLC, is present and regularly conducts affairs in this judicial district.

## PARTIES

5.      Plaintiff, Ryan Shreeve, is a resident of Indianapolis, Marion County, Indiana. Between November 19, 2013, and April 8, 2014, Shreeve was a prisoner confined to the Delaware County Jail ("Jail") in Muncie, Indiana.

6.      Defendant, Correct Care Solutions, LLC ("Correct Care"), is and was at all times relevant hereto a health care provider as defined by the Ind. Medical Malpractice Act, Ind. Code § 34-18-2-14, licensed to practice medicine in the State of Indiana with its corporate headquarters in Nashville, Davidson County, Tennessee, and with an office or agency to which Plaintiff's claims relate located in Delaware County, Indiana. Correct Care is a "person" subject to suit within the meeting of 42 U.S.C. § 1983.  At all

relevant times prior to April, 2017, it was charged by contract with the supervision and operation of medical care within the Delaware County Jail, including the provision of care to diabetic and/or HIV-positive inmates and detainees.

7.      Defendant, Advanced Correctional Healthcare, Inc., ("Advanced"), is and was at all times relevant hereto a health care provider as defined by the Ind. Medical Malpractice Act, Ind. Code § 34-18-2-14, licensed to practice medicine in the State of Indiana with its corporate headquarters in Peoria, Peoria County, Illinois, and with an office or agency to which Plaintiff's claims relate located in Delaware County, Indiana. Advanced is a "person" subject to suit within the meeting of 42 U.S.C. § 1983.  In April, 2017, it was charged by contract with the supervision and operation of medical care within the Delaware County Jail, including the provision of care to diabetic and/or HIV-positive inmates and detainees.

8.      Defendant, Delaware County Board of Commissioners ("Commissioners") is the executive of Delaware County, Indiana. Ind. Code § 36-2-2-2. The Delaware County Board of Commissioners is charged by law to establish and maintain the office of county sheriff and a county jail. Ind. Code § 36-2-2-24. The Commissioners are a "person" subject to suit within the meeting of 42 U.S.C. § 1983.

9.      Defendant, Delaware County Sheriff Ray Dudley ("Sheriff Dudley") is the duly elected sheriff of Delaware County, Indiana. He is charged by law with "tak[ing] care of the county jail and the prisoners there."  Ind. Code § 36-2-13-5(7).  The Sheriff Dudley is a "person" subject to suit within the meeting of 42 U.S.C. § 1983. He is being sued in his official capacity.

4

10.     Sheriff Dudley and Defendant, the Delaware County Sheriff's Department ("Department"), are responsible for administering the Jail and for making, overseeing and implementing the policies, procedures, practices and customs challenged herein relating to the operation of the Jail.

11.     Sheriff Dudley and the Department are also responsible for the supervision, training and hiring of persons, agents and employees working within and without the Department, including Deputy Sheriffs and medical providers.

12.     Lt. Rick Richman was, at all relevant times, employed by the Department as a Lieutenant. He is being sued in his individual and official capacities.

13.     Lt. Kathy Blanton was, at all relevant times, employed by the Department as a Lieutenant. She is being sued in her individual and official capacities.

14.     Lt. Vivian Malone was, at all relevant times, employed by the Department at the Jail. She is being sued in her individual and official capacities.

15.     Corporal Gerald Shaner was, at all relevant times, employed by the Department at the Jail. He is being sued in his individual and official capacities.

16.     Officer Bridgette Martin was, at all relevant times, employed as a Corrections Officer at the Jail. She is being sued in her individual and official capacities.

17.     Officer Darrell Mugrage was, at all relevant times, employed as a Corrections Officer at the Jail. He is being sued in his individual and official capacities.

18.     Officer Robert Doughty was, at all relevant times, employed as a Corrections Officer at the Jail. He is being sued in his individual and official capacities.

19.     Officer Frank Goodpaster was, at all relevant times, employed as a Corrections Officer at the Jail. He is being sued in his individual and official capacities.

20.     Officer Traci Gross was, at all relevant times, employed as a Corrections Officer at the Jail. She is being sued in his individual and official capacities.

21.     Officer Ashley Huss was, at all relevant times, employed as a Corrections Officer at the Jail. She is being sued in his individual and official capacities.

22.     Officers Martin, Mugrage, Doughty, Goodpaster, Gross, and Huss are referred to collectively hereafter as the "Corrections Officers."

23.     Terri Hamilton was, at all relevant times, employed as the nurse administrator at the Jail by either Correct Care or Advanced. She is being sued in her individual and official capacities.

24.     Kelly Boram was employed as a nurse at the Jail by Correct Care during Plaintiff's incarceration between November 19, 2013, and April 8, 2014. She is being sued in her individual and official capacities.

25.     At all times relevant, Defendants acted under color of state law.

**FACTS APPLICABLE TO ALL COUNTS**

26.     Plaintiff was arrested in Delaware County, Indiana, on November 19, 2013.

27.     Between November 19, 2013, and April 8, 2014, Plaintiff was detained in the Jail for intermittent, but extended, periods of time.

28.     For two weeks in February, 2014, Plaintiff was detained in jail in Hamilton County, but later returned to Delaware County.

6

29.     On November 26, 2013, the State of Indiana filed an Affidavit of Probable Cause for Arrest without a Warrant.

30.     Plaintiff's initial hearing took place on December 18, 2013, at 9:00 a.m.

31.     Plaintiff was released from the Jail on April 8, 2014.

32.     On April 29, 2015, Plaintiff was convicted, pursuant to a plea agreement, of check fraud related to the alleged conduct for which he was detained in the Jail between November 19, 2013, and April 8, 2014.

33.     At all relevant times herein Plaintiff suffered and continues to suffer from "brittle" Type I Diabetes.

34.     As a result of Plaintiff's diabetes, it is medically necessary for Plaintiff to test his blood sugar and receive insulin injections at regular intervals.

35.     Plaintiff received insulin injections at the Jail twice each day.

36.     Due to his diabetes, Plaintiff has been under the care of various endocrinologists for over twenty years.

37.     As part of Plaintiff's treatment plan, he is prescribed specific types of insulin in specific doses. Plaintiff is prescribed specific times during which to test his blood sugar and administer insulin, and Plaintiff is instructed by his medical providers to eat at intervals in order to best regulate his blood sugar.

38.     If Plaintiff fails to control his diabetes, this failure could result in loss of limbs, loss of vision, coma, or death.

39.     During Plaintiff's detention at the Jail between November 19, 2013, and April 8, 2014, Correct Care operated the medical facilities where Plaintiff received

treatment for his diabetes pursuant to a contract with the Commissioners or the Department.

40.     During Plaintiff's detention at the Jail between November 19, 2013, and April 8, 2014, Defendants, the Department, Sheriff Dudley, Lt. Rick Richman, Lt. Kathy Blanton, Lt. Vivian Malone, Corporal Shaner, the Corrections Officers identified as Defendants herein, Correct Care, Terri Hamilton, and Kelly Boram authorized, acquiesced, condoned, omitted or failed to take action to prevent, and/or required Plaintiff and other diabetic detainees use medical supplies provided by Correct Care during their detention at Delaware County Jail.

41.     During Plaintiff's detention at the Jail between November 19, 2013, and April 8, 2014, Defendants, the Department, Sheriff Dudley, Lt. Rick Richman, Lt. Kathy Blanton, Lt. Vivian Malone, Corporal Shaner, the Corrections Officers identified as Defendants herein, Correct Care, Terri Hamilton, and Kelly Boram refused to accept diabetic medical supplies offered by Plaintiff and/or Plaintiff's mother to be used to manage Plaintiff's diabetes.

42.     On one occasion, Plaintiff's mother, Donna Shreeve, traveled to the Jail and offered Lt. Vivian Malone sterile medical supplies for Plaintiff's use during his detention.

43.     Lt. Vivian Malone represented that the Jail possessed the necessary supplies and refused to accept the supplies offered by Ms. Shreeve.

44.     Instead, Defendants, the Department, Sheriff Dudley, Lt. Rick Richman, Lt. Kathy Blanton, Lt. Vivian Malone, Corporal Shaner, the Corrections Officers

identified as Defendants herein, Correct Care, Terri Hamilton, and Kelly Boram issued Plaintiff a combination needle and syringe for Plaintiff's insulin injections upon Plaintiff's arrival at Delaware County Jail.

45.     Rather than dispose of this combination needle and syringe after each use, Defendants, the Department, Lt. Vivian Malone, Corporal Shaner, the Corrections Officers identified as Defendants herein, Correct Care, Terri Hamilton, and/or Kelly Boram placed the needle in a plastic bag with Plaintiff's name written on it.

46.     Thereafter, Plaintiff was reissued the same combination needle and syringe during subsequent insulin injections over a period of weeks.

47.     Defendants, the Department, Sheriff Dudley, Lt. Rick Richman, Lt. Kathy Blanton, Lt. Vivian Malone, Corporal Shaner, the Corrections Officers identified as Defendants herein, Correct Care, Terri Hamilton, and Kelly Boram employed this practice with respect to every diabetic detainee at Delaware County Jail.

48.     When Plaintiff reported to the Jail's medical facilities for daily care, agents or employees of Correct Care, including Kelly Boram, and/or agents of the Department, including Corporal Shaner or one of the Corrections Officers identified as Defendants herein, drew Plaintiff's insulin from a stoppered glass bottle using Plaintiff's designated combination needle and syringe.

49.     Thereafter, agents or employees of Correct Care, including Kelly Boram, and/or agents of the Department, including Corporal Shaner or one of the Corrections Officers identified as Defendants herein, routinely punctured the stopper on the common insulin bottle using each detainee's or inmate's used combination needle and

9

drew insulin for the detainee or inmate to which the combination needle and syringe was assigned.

50.     Agents or employees of Correct Care, including Kelly Boram, and/or agents of the Department, including Corporal Shaner or one of the Corrections Officers identified as Defendants herein, punctured the stoppered insulin bottle with Plaintiff's assigned combination needle and syringe as described in the paragraph above before and after repeating the same process with respect to other detainees and inmates.

51.     Corporal Shaner, Kelly Boram, or one or more of the Correction Officers identified as Defendants herein placed multiple bags of assigned, used needles on a table for the Plaintiff and other detainees and inmates to collect for their use.

52.     The insulin drawn from that common stoppered bottle was then injected into the detainee or inmate to which a combination needle and syringe was assigned.

53.     On one occasion, Plaintiff observed a detainee take an insulin needle assigned to a different detainee in the presence of Corrections Officer Darrell Mugrage.

54.     Although the detainee eventually noticed his error, Corrections Officer Darrell Mugrage did not intervene to prevent the accidental sharing of needles.

55.     On some occasions, nursing staff employed by Correct Care, but whose names are unknown to Plaintiff would participate in the practices described in paragraphs 44 through 52.

56.     The Correction Officers identified as Defendants herein acquiesced, condoned, omitted or failed to take action to prevent the practices described in paragraphs 44 through 52.

57.     The practices described in paragraphs 44 through 52 were employed at the Jail until Plaintiff was released on or about April 8, 2014.

58.     During Plaintiff's detention between November 19, 2013, and April 8, 2014, Defendants, the Department, Sheriff Dudley, Lt. Rick Richman, Lt. Kathy Blanton, Lt. Vivian Malone, Corporal Shaner, the Corrections Officers identified as Defendants herein, Correct Care, Terri Hamilton, and Kelly Boram failed to observe fundamentally basic medical hygiene and sterilization practices while administering care for Plaintiff's diabetes.

59.     Between May and November, 2015, Plaintiff experienced a series of infections for which he required urgent or emergency medical treatment.

60.     As a result of these infections, Plaintiff consulted with an infectious diseases specialist.

61.     Plaintiff tested positive for HIV on or about November 30, 2015.

62.     The Marion County Health Department notified Plaintiff's infectious disease specialist of the results of the November 30, 2015, HIV test.

63.     Plaintiff's infectious disease specialist ordered a second test, and Plaintiff tested positive for HIV a second time on February 2, 2016.

64.     Plaintiff received his HIV diagnosis on or about February 2, 2016.

65.     On or about April 20, 2017, Plaintiff was arrested in Marion County for failure to report for in-home detention.

66.     On or about April 30, 2017, Plaintiff was transferred to the Jail, where he remained until May 18, 2017.

11

67.     Pursuant to a tort claim notice served on the Department and Plaintiff's own reporting, the personnel at the Jail, including Lt. Vivian Malone and the Correction Officers identified as Defendants herein, and agents of Advanced, including Terri Hamilton, were informed of Ryan's HIV at or before Plaintiff's 2017 detention.

68.     During Plaintiff's 2017 detention, personnel at the Jail, including Lt. Vivian Malone and the Correction Officers identified as Defendants herein, and agents of Advanced, including Terri Hamilton administered insulin to Plaintiff in incorrect dosages.

69.     During Plaintiff's 2017 detention, personnel at the Jail, including Lt. Vivian Malone and the Correction Officers identified as Defendants herein, and agents of Advanced, including Terri Hamilton administered the wrong type of insulin to Plaintiff.

70.     During Plaintiff's 2017 detention, personnel at the Jail, including Lt. Vivian Malone and the Correction Officers identified as Defendants herein, and agents of Advanced, including Terri Hamilton administered insulin to Plaintiff twice per day, instead of four times per day, as prescribed by Plaintiff's endocrinologist.

71.     For approximately two weeks of Plaintiff's 2017 detention, personnel at the Jail, including Lt. Vivian Malone and the Correction Officers identified as Defendants herein, and agents of Advanced, including Terri Hamilton, did not provide Plaintiff any medication prescribed to him for the treatment of his HIV.

72.     During his 2017 detention at the Jail, Plaintiff experienced bleeding and floaters in his left eye that he believes are the result of his poorly control diabetes in his left eye.

73.     Upon his release from the Jail in 2017, Plaintiff's HIV infection levels were dangerously high.

74.     Plaintiff continues to treat for his diabetes and his HIV.

75.     The severity and extent of the permanent injuries sustained by Plaintiff as a result of Defendants' deliberate indifference to his safety and medical needs is still unknown.

76.     Sheriff Dudley is a public official and the Department is a public entity, as are the Commissioners.

77.     Sheriff Dudley, the Department, and the Commissioners are sued under Title 42 U.S.C. §1983 for violations of the Fourth Amendment, Eighth Amendment, and Fourteenth Amendment of the United States Constitution and Indiana state law for the acts and omissions of the individual defendants, and each of them, who at the time they caused Plaintiff's injuries and damages were duly appointed, qualified and acting officers, employees, and/or agents of Sheriff Dudley and/or the Department acting within the course and scope of their employment and or agency.

78.     Defendants Correct Care, Advanced, Terri Hamilton and Kelly Boram were empowered to direct Plaintiff's medical care by virtue of state law.

79.     Defendants Correct Care, Advanced, Terri Hamilton and Kelly Boram's power over Plaintiff's medical care was possible only because they were clothed with state authority.

80.     At all relevant times, Defendants Correct Care, Advanced, Terri Hamilton and Kelly Boram acted under color of state law.

81.     Plaintiff alleges that the conduct of each Defendant deprived him of his constitutional rights to detainee and/or inmate safety and medical care for his serious but treatable medical needs while in custody at the Jail, and caused Plaintiff to suffer grievous harm, emotional and physical injuries as a result of his detention and woefully inadequate care by Defendants.

82.     Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, among other things, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain adequate training, supervision and staffing with deliberate indifference to Plaintiffs' rights, by failing to maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers, medical providers and employees under their direction and control.

83. Each of the Defendants knew or should have known that the failure to adopt adequate policies or practices would have resulted in irreparable harm to Plaintiff.

84. Each of the individual Defendants knew or should have known that their individual actions in violation of the Fourth Amendment, Eighth Amendment, and Fourteenth Amendment of the United States Constitution would have resulted in irreparable harm to Plaintiff.

85. The Defendants either failed to follow the Sheriff Dudley's, the Department's, Correct Care's, or Advanced's policies regarding the practices and procedures applicable to administering insulin to diabetics or deliberately chose to not enact written policies, procedures or protocols concerning appropriate medical care and treatment of insulin dependent, diabetic pretrial detainees and convicted inmates.

86. Defendants have allowed conditions at the Jail to deteriorate, causing an environment where health care is ignored and detainee safety is disregarded.

87. All Defendants ordered, authorized, acquiesced in, tolerated, permitted or maintained customs and usages permitting the other Defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages as alleged herein.

88. Alternatively, Defendants' conduct as alleged herein constitutes an unreasonable pattern of constitutional violations based either on a plan by Defendants or on Defendants' indifference or reckless disregard of the safety, security, medical needs, and rights of Plaintiff.

89.     Detention and correctional facilities have a constitutional obligation to reasonably respond to the safety and medical needs of detainees who have not yet had a judicial determination regarding probable cause, detainees awaiting trial, and convicted inmates.

90.     The Defendants identified herein are responsible for Plaintiff's injuries as the result of their intentional, willful, wanton, reckless and/or negligent acts and omissions, including but not limited to the failure to provide adequate medical care and/or treatment to Plaintiff; failure to provide hygienic supplies for treatment of Plaintiffs' diabetes; failure to monitor, protect and provide safety for Plaintiff while he was detained; failure to monitor the practices and procedures of independent contractors Correct Care and Advanced in their provision of medical care to Plaintiff and other inmates and detainees; and the failure of supervisory officers, particularly the Sheriff and Lt. Rick Richman, Lt. Kathy Blanton, and Lt. Vivian Malone, to train and supervise their officers and staff.

91.     The failure of the Sheriff, Lt. Rick Richman, Lt. Kathy Blanton, Lt. Vivian Malone, and Corporal Shaner, the Corrections Officers identified herein to adequately monitor the practices and procedures of independent contractors Correct Care and Advanced in their provision of medical care to Plaintiff, as well as the failure to provide hygienic supplies for treatment of Plaintiffs' diabetes, demonstrates a total lack of regard for his right to be free from unnecessary and unlawful bodily harm.

92.     The acts and omissions of the Defendants identified herein were done willfully, wantonly, and maliciously, and with such reckless disregard of the

16

consequences as to reveal a conscious and deliberate indifference to Plaintiff's serious medical condition which resulted in his severe injury.

93.     The Defendants identified herein are responsible for Plaintiff's damages as the result of their intentional, willful, wanton, reckless and/or negligent acts and omissions.

94.     The constitutional obligation of all the Defendants to keep Plaintiff safe stems from the Fourth Amendment, the Eighth Amendment, and the Fourteenth Amendment of the United States Constitution.

## FIRST CAUSE OF ACTION (Violation of Fourteenth Amendment: deliberate indifference to Plaintiff's safety)

95.     The foregoing allegations are incorporated as if realleged herein.

96.     Between November 26, 2013, and April 8, 2014, Plaintiff was a pretrial detainee for whom a judicial determination of probable cause to support the charges against him had been made.

97.     Defendants Correct Care, Terri Hamilton, Kelly Boram, the Commissioners, the Department, Sheriff Dudley, Lt. Rick Richman, Lt. Kathy Blanton, Lt. Vivian Malone, and the Correction Officers identified as Defendants herein ordered, authorized, acquiesced in, tolerated, permitted or maintained customs and usages permitting the other Defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages as alleged herein, including the practice of drawing insulin to administer to detainees from a common insulin vial using multiple needles previously used by multiple diabetic detainees and inmates.

17

98.     Defendants Correct Care, Terri Hamilton, Kelly Boram, the Commissioners, the Department, Sheriff Dudley, Lt. Rick Richman, Lt. Kathy Blanton, Lt. Vivian Malone, and Corporal Shaner, the Corrections Officers identified as Defendants herein knew that drawing insulin to administer to detainees from a common insulin vial using multiple needles previously used by multiple diabetic detainees and inmates created a substantial risk of bodily harm to Plaintiff, including but not limited to, infection with HIV.

99.     The conduct of the Defendants Commissioners, the Department, Sheriff Dudley, Lt. Rick Richman, Lt. Kathy Blanton, Lt. Vivian Malone, Corporal Shaner, the Corrections Officers identified as Defendants herein, Correct Care, Terri Hamilton, and Kelly Boram proximately caused Plaintiff to suffer personal injury, including but not limited to infection with HIV, and emotional distress as a result of the deprivation of his constitutional rights in violation of the Fourteenth Amendment of the United States Constitution.

## SECOND CAUSE OF ACTION (Violation of Fourteenth Amendment: deliberate indifference to Plaintiff's medical needs)

100.     The foregoing allegations are incorporated as if realleged herein.

101.     Between November 26, 2013, and April 8, 2014, Plaintiff was a pretrial detainee for whom a judicial determination of probable cause to support the charges against him had been made.

102.     The Defendants Commissioners, the Department, Sheriff Dudley, Lt. Rick Richman, Lt. Kathy Blanton, Lt. Vivian Malone, Corporal Shaner, the Corrections

Officers identified as Defendants herein, Correct Care, Terri Hamilton, and Kelly Boram knew of Plaintiff's diabetes and his corresponding need to use sterile needles for insulin injections.

103.    Diabetes is a serious condition that can result in loss of functionality of limbs and eyes, coma, and death if improperly managed.

104.    HIV is a serious, indirectly fatal condition transmitted through, among other vectors, injection with contaminated needles.

105.    The use of sterile insulin injection techniques would have imposed no additional burden on Defendants Commissioners, the Department, Sheriff Dudley, Lt. Rick Richman, Lt. Kathy Blanton, Lt. Vivian Malone, Corporal Shaner, the Corrections Officers identified as Defendants herein, Correct Care, Terri Hamilton, and Kelly Boram, especially given that Plaintiff's mother offered to provide Plaintiff's diabetic supplies.

106.    The use of sterile insulin injection techniques would have compromised no police interest.

107.    The conduct of the Defendants Commissioners, the Department, Sheriff Dudley, Lt. Rick Richman, Lt. Kathy Blanton, Lt. Vivian Malone, Corporal Shaner, the Corrections Officers identified as Defendants herein, Correct Care, Terri Hamilton, and Kelly Boram proximately caused Plaintiff to suffer personal injury, including but not limited to infection with HIV, and emotional distress as a result of the deprivation of his constitutional rights in violation of the Fourteenth Amendment of the United States Constitution.

## THIRD CAUSE OF ACTION (Violation of Fourth Amendment: deliberate indifference to Plaintiff's safety)

108.    The foregoing allegations are incorporated as if realleged herein.

109.    Between November 19, 2013, and November 25, 2013, Plaintiff was a pretrial detainee for whom no judicial determination of probable cause to support the charges against him had been made.

110.    Plaintiff re-alleges and incorporates the allegations of paragraphs 97 through 98 as if fully set forth herein.

111.    The conduct of the Defendants Commissioners, the Department, Sheriff Dudley, Lt. Rick Richman, Lt. Kathy Blanton, Lt. Vivian Malone, Corporal Shaner, the Corrections Officers identified as Defendants herein, Correct Care, Terri Hamilton, and Kelly Boram proximately caused Plaintiff to suffer personal injury, including but not limited to infection with HIV, and emotional distress as a result of the deprivation of his constitutional rights in violation of the Fourth Amendment of the United States Constitution.

## FOURTH CAUSE OF ACTION (Violation of Fourth Amendment: deliberate indifference to Plaintiff's medical needs)

112.    The foregoing allegations are incorporated as if realleged herein.

113.    Between November 19, 2013, and November 25, 2013, Plaintiff was a pretrial detainee for whom no judicial determination of probable cause to support the charges against him had been made.

114.    Plaintiff re-alleges and incorporates the allegations of paragraphs 102 through 106 as if fully set forth herein.

20

115.     The conduct of the Defendants Commissioners, the Department, Sheriff Dudley, Lt. Rick Richman, Lt. Kathy Blanton, Lt. Vivian Malone, Corporal Shaner, the Corrections Officers identified as Defendants herein, Correct Care, Terri Hamilton, and Kelly Boram proximately caused Plaintiff to suffer personal injury, including but not limited to infection with HIV, and emotional distress as a result of the deprivation of his constitutional rights in violation of the Fourth Amendment of the United States Constitution.

### FIFTH CAUSE OF ACTION (Violation of Eighth Amendment: deliberate indifference to Plaintiff's medical needs)

116.     The foregoing allegations are incorporated as if realleged herein.

117.     During his detention at the Jail in 2017, Plaintiff had been convicted of a crime in relation to his arrest and detention between November 19, 2013, and April 8, 2014.

118.     The Defendants Commissioners, the Department, Sheriff Dudley, Lt. Rick Richman, Lt. Kathy Blanton, Lt. Vivian Malone, Corporal Shaner, the Corrections Officers identified as Defendants herein, Advanced, and Terri Hamilton knew of Plaintiff's diabetes and his corresponding need for injections of the correct type of insulin prescribed to him in prescribed doses and the prescribed times.

119.     Diabetes is a serious condition that can result in loss of functionality of limbs and eyes, coma, and death if improperly managed.

120.     Provision of Plaintiff's appropriate insulin in the proper doses would have imposed no additional burden on Defendants Commissioners, the Department, Sheriff

Dudley, Lt. Rick Richman, Lt. Kathy Blanton, Lt. Vivian Malone, Corporal Shaner, the

Corrections Officers identified as Defendants herein, Advanced, and Terri Hamilton.

121.    Provision of Plaintiff's appropriate insulin in the proper doses would have

compromised no police interest.

122.    The Defendants Commissioners, the Department, Sheriff Dudley, Lt. Rick

Richman, Lt. Kathy Blanton, Lt. Vivian Malone, Corporal Shaner, the Corrections

Officers identified as Defendants herein, Advanced, and Terri Hamilton knew of

Plaintiff's HIV and his corresponding need of medication to control the infection.

123.    HIV is a serious, indirectly fatal condition that, if untreated, evolves into

AIDS, a fatal condition.

124.    It would have imposed no additional burden on Defendants, the

Commissioners, the Department, Sheriff Dudley, Lt. Rick Richman, Lt. Kathy Blanton,

Lt. Vivian Malone, Corporal Shaner, the Corrections Officers identified as Defendants

herein, Advanced, and Terri Hamilton to provide Plaintiff with his prescribed

pharmaceutical treatment regime during his 2017 detention at the Jail.

125.    No police interest would have been compromised by providing Plaintiff

with his prescribed pharmaceutical treatment regime during his 2017 detention at the

Jail.

126.    The conduct of the Defendants Commissioners, the Department, Sheriff

Dudley, Lt. Rick Richman, Lt. Kathy Blanton, Lt. Vivian Malone, Corporal Shaner, the

Corrections Officers identified as Defendants herein, Advanced, and Terri Hamilton

proximately caused Plaintiff to suffer personal injury and emotional distress as a result

of the deprivation of his constitutional rights in violation of the Eighth Amendment of the United States Constitution.

### <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff requests that this Court:

    a.    Accept jurisdiction of this case and set the matter for hearing;

    b.    Declare that the actions and inactions of the Defendants have violated federal law for the reasons noted above;

    c.    Award Plaintiff his damages recoverable under 42 U.S.C. §§ 1983 and 1988;

    d.    Award Plaintiff his reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

    f.    Award all other proper relief.

     s/ Scott L. Starr
Scott L. Starr
I.D. #1601-09

     s/ R. Daniel Faust
R. Daniel Faust
I.D. #28556-53
Starr Austen & Miller, LLP
201 South Third Street
Logansport, IN  46947
Telephone:  (574) 722-6676
Facsimile:  (574)753-3299
E-mail:     starr@starrausten.com
              faust@starrausten.com

 s/ Michael P. Quirk
Michael P. Quirk
I.D. #25061-18
QUIRK & HUNTER, PC
117 East Main Street
Muncie, IN  47305
Phone:  (765) 288-5035
Facsimile:  (765) 288-0205
E-mail:  mpquirk1119@gmail.com

ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Comes now Defendant, Ryan Shreeve, by his counsel, Starr Austen & Miller, LLP, and hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all counts of Plaintiff's Complaint and Defendants' Answer.

 s/ Scott L. Starr
Scott L. Starr

556000.000\SOUTHERN DISTRICT COURT\Complaint\KW